LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# IN THE STATE COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

_____

_____

**Dennis Purvis**
_____

PLAINTIFF

VS.

**Ronnie D. Miller**
_____

**Pioneer Trails, Inc.**
_____

**ABC Corporations 1-5**
_____

DEFENDANT

CIVIL ACTION 2022SCV0236
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   **PIONEER TRAILS, INC.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shaun Daugherty, Esq.
Lowe Law Firm, P.C.
3644 Chamblee Tucker Rd., Suite F
Atlanta, GA 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **11**_____ day of **May**_____, 20**22** .

Clerk of State Court

/s/ Stacy Barrett
By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# IN THE STATE COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

**Dennis Purvis**

PLAINTIFF

VS.

**Ronnie D. Miller**

**Pioneer Trails, Inc.**

**ABC Corporations 1-5**

DEFENDANT

CIVIL ACTION 2022SCV0236
NUMBER:

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    **RONNIE D. MILLER**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shaun Daugherty, Esq.
Lowe Law Firm, P.C.
3644 Chamblee Tucker Rd., Suite F
Atlanta, GA 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **11** day of **May**, 20 **22** .

Clerk of State Court

By /s/ Stacy Barrett

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __LOWNDES__ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed __Insert text here__ | Case Number | 2022SCV0236 |
| **MM-DD-YYYY** | | _____ |

**Plaintiff(s)**
PURVIS, DENNIS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
MILLER, RONNIE D.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
PIONEER TRAILS, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
ABC CORPORATIONS 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** SHAUN DAUGHERTY   **Bar Number** 205877   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**   _____ **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/26/2022 12:04 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# Affidavit of Process Server

## IN THE STATECOURT OF LOWNDES COUNTY STATE OF GEORGIA

(NAME OF COURT)

**Dennis Purvis**                    VS          Ronnie D. Miller, Pioneer Trails, Inc, and ABC Corporations1-5          **2022SCV0236**

PLAINTIFF/PETITIONER                    DEFENDANT/RESPONDENT                    CASE NUMBER

I **John Miller**_____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service: I** ☒served ☐was unable to serve : **Pioneer Trails Inc, Donald Swartemtuber Registered Agent**_____

NAME OF PERSON TO BE SERVED

with (list documents) **Case Initiation form, Complaint, Summons, Discovery**_____

by leaving with **Lydia Berkholder Office Staff who is allowed to receive service for corporation**_____ At

NAME                                        RELATIONSHIP / POSITION

☐ Residence _____

ADDRESS                                        CITY / STATE

☒ Business     7572 Stae Route 241 Millersburg, Ohio _____

ADDRESS                                        CITY / STATE

On **5/20/2022**_____ AT **11:00 am**_____

DATE                                        TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____

DATE

from_____

CITY          STATE          ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☒ **Corporate:** By personally delivering copies to the person named above.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address     ☐ Moved, Left no Forwarding     ☐ Service Cancelled by Litigant     ☐ Unable to Serve in Timely Fashion

☐ Address Does Not Exist     ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____     (2)_____

DATE          TIME                    DATE          TIME

(3)_____     (4)_____     (5)_____

DATE     TIME          DATE     TIME          DATE     TIME

**Description:.** Age **50's** Sex **F** Race **W** Height **5'6"** Weight **130** Hair **Brn** Beard **No** Glasses **No**

_John Miller (signature)_

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this **24th** day of **May**, 20**22** by **JOHN Miller**

Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Linda Jean McCormick Ms.

Notary Public, State of Ohio          _Linda Jean McCormic (signature)_

My Commission Expires                    SIGNATURE OF NOTARY PUBLIC

March 28, 2026          NOTARY PUBLIC for the state of **OHIO**

FORM 2          NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/26/2022 12:08 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## AFFIDAVIT OF SERVICE

| Case:<br>2022SCV0236 | Court:<br>In the State Court of Lowndes County, State of Georgia | County:<br>Lowndes, GA | Job#<br>7105608 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Dennis Purvis | | Defendant / Respondent:<br>Ronnie D Miller; Pioneer Trails, Inc; ABC Corporation 1-5 | |
| Received by:<br>HSPS Legal Services | | For:<br>Lowe Law | |
| To be served upon:<br>Ronnie D Miller | | Court Date: | |

I, Alexander Ward, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Ronnie D Miller, 309 B Ave, Kalona, IA 52247

**Manner of Service:** Personal/Individual, May 19, 2022, 5:33 pm CDT

**Documents:** Summons; Complaint for Damages; Plaintiff's First Continuing Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Ronnie B Miller (Received May 17, 2022 at 1:49pm CDT)

**Additional Comments:**
1) Successful Attempt: May 19, 2022, 5:33 pm CDT at 309 B Ave, Kalona, IA 52247 received by Ronnie D Miller. (Server's visual approximation) Age: 60; Ethnicity: Caucasian; Gender: Male; Weight: 300; Height: 5'6"; Hair: Bald;
Delivered directly to defendant.

**Fees:**

State of: _____IA_____ )

) SS:

County of: ____Johnson____ )

_Alexander J. Ward_ 05/24/2022

Alexander Ward                          Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this ___24___ day of ___May___, 2022

_____
Notary Public

1-28-25
My Commission Expires

CHELSEY ROBISON
Commission Number 794243
My Commission Expires
January 28, 2025

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **DENNIS PURVIS,** | * <br> * <br> * |
| **Plaintiffs,** | * <br> * |
| **vs.** | * **CASE NO.:** 2022SCV0236 <br> * <br> * **JURY TRIAL** |
| **RONNIE D. MILLER, PIONEER** | * |
| **TRAILS, INC., and ABC** | * |
| **CORPORATIONS 1-5,** | * <br> * |
| **Defendants.** | * |

### COMPLAINT FOR DAMAGES

COMES NOW, Dennis Purvis, Plaintiff in the above-styled action, and files this Complaint

for Damages against the above-named Defendants, showing this Honorable Court the following:

#### Parties, Jurisdiction, and Venue

1.

Plaintiff is a resident of the State of Georgia and submits to the jurisdiction and venue of

this Court.

2.

Defendant Ronnie D. Miller (hereinafter "Defendant Miller") is the individual who was

driving the Pioneer Trails, Inc. tour bus involved in the accident which forms the basis of this

lawsuit. Defendant Miller is a resident of Washington County, Iowa and may be served at his place

of residence at 309 B. Ave, Kalona, Iowa, 52247. Once served, Defendant Miller is subject to the

jurisdiction and venue of this Court pursuant to Georgia's Long-Arm Statute.

3.

Defendant Pioneer Trails, Inc. (hereinafter "Defendant Pioneer") is common carrier engaged in the business of transporting passengers for compensation.  Defendant Pioneer is a foreign corporation doing business in this state.  Defendant Pioneer is organized under the laws of the State of Ohio and maintains a principal office address is 7572 State Route 241, Millersburg, Ohio 44654.  Defendant Pioneer may be served via its registered agent David Swartzentruber at 7572 State Route 241, Millersburg, Ohio 44654.  Once served, Defendant Pioneer is subject to the jurisdiction and venue of this Court pursuant to Georgia's Long-Arm Statute.

4.

Defendant ABC Corporation 1-5 (hereinafter "Defendant ABC Corps.," and collectively with Defendant Miller and Defendant Pioneer "Defendant Corporations") are common carriers engaged in the business of transporting passengers for compensation and whose identity is not yet known. Defendant ABC Corps. are companies and/or entities responsible for the transport of Plaintiffs via common carrier and responsible for the hiring, training, and supervision of the drivers operating the transport vehicles, specifically, Ronnie D. Miller. The identities of Defendant ABC Corps. Are not yet known and will be ascertained through discovery. Once identified, Defendant ABC Corps. Will be substituted for the real party in interest. Once served, these entities will be subject to the jurisdiction and venue of this court.

## Background

5.

On or about January 27, 2020, Plaintiff was driving 2000 Lexus LX470 northbound on Georgia 401 in Lowndes County, Georgia.

6.

Plaintiff was traveling northbound on Georgia 401 in the middle lane approaching a construction zone.

7.

On or about January 27, 2020, the tour bus driven by Defendant Miller was traveling northbound on Georgia 401 in Lowndes County, Georgia in the lane to the left of and beside Plaintiff.

8.

On or about January 27, 2020, Defendant Miller attempted to change lanes into the lane occupied by Plaintiff.

9.

On or about January 27, 2020, the bus being driven by Defendant Miller collided with the driver's side of the vehicle driven by Plaintiff (hereinafter "Collision").

**Count 1 - Negligence of Defendant Miller**

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated herein.

11.

The collision was directly and proximately caused by the negligence of Defendant Miller.

12.

The Collision was directly and proximately caused by Defendant Miller's negligence in his failure to operate the vehicle with ordinary care for the safety of others.

13.

The Collision was directly and proximately caused by Defendant Miller's negligence in operating his vehicle in reckless disregard for the safety of persons or property and such other acts or omissions as may be provided by a preponderance of the evidence upon the trial of this matter.

14.

Defendant Miller's negligence is the sole and proximate cause of the Collision, Plaintiff's resulting injuries, and Plaintiff's property damage.

15.

At all times relevant to the subject Collision, Plaintiff was without fault or negligence.

## Count 2 – Imputed Liability – Defendant Corporations.

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated herein.

17.

At the time of the subject collision, Defendant Miller was under dispatch for Defendant Corporations.

18.

At the time of the subject collision, Defendant Miller was operating a vehicle on behalf of Defendant Corporations.

19.

Defendant Corporations is responsible for the actions of Defendant Miller in regard to the Collision described in this Complaint as a matter of law.

## Count 3: Respondent Superior – Defendant Corporations.

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated herein

21.

At the time of the subject collision, Defendant Miller was working for Defendant Corporations within the scope and course of his employment.

22.

At the time of the subject collision, Defendant Miller was operating his vehicle on behalf of Defendant Corporations, working within the scope and course of his employment.

## Count 4: Negligent Training, Hiring, and/or Supervision – Defendant Corporations.

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated herein.

24.

Defendant Corporations were negligent in hiring Defendant Miller and entrusting him to operate a vehicle on its behalf.

25.

Defendant Corporations were negligent in failing to properly train Defendant Miller in the operation of the vehicle.

26.

Defendant Corporations were negligent in failing to properly supervise Defendant Miller.

27.

Defendant Corporations were negligent in hiring Defendant Miller and failed to properly train and supervise him.  These failures are the proximate cause of the collision and Plaintiff's resulting injuries.

## Count 6- Damages

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated herein.

29.

Plaintiff's injuries and damages resulting from the Collision were directly and proximately caused by the negligence of Defendants.

30.

Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the Collision.

31.

In the future, it is likely that Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the Collision.

32.

In the future, it is likely that Plaintiff will continue to need medical treatment as a direct and proximate result of the Collision.

33.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the Collision.

34.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses and will continue to incur expenses in the future.  Plaintiff's medical bills to date are in excess of $187,000.00.

35.

As a result of Defendants' negligence, Plaintiff has incurred reasonable and necessary repair costs to his vehicle.

36.

Plaintiff is entitled to recover for his injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intentions to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a)      Personal injuries;

b)      Past, present, and future pain and suffering;

c)      Disability;

d)      Disfigurement;

e)      Mental anguish;

f)      Loss of capacity for the enjoyment of life;

g)      Economic losses;

h)      Incidental expenses;

i)      Property damage;

j)      Past, present, and future medical expenses;

k)    Lost earnings;

l)    Loss of earning capacity;

m)    Permanent injuries; and

n)    Consequential damages to be proven at trial.


**WHEREFORE**, Plaintiff pray that he have a trial on all issues and judgment against Defendants as follows:

a)    Process issue as provided by law;

b)    Plaintiff has a trial by jury against Defendants;

c)    Judgment be awarded to Plaintiff and against Defendants;

d)    That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

e)    That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury; and

f)    That Plaintiff recovers such other and further relief as is just and proper.


This 11th day of May 2022.

                                                        **LOWE LAW FIRM, P.C.**

                                                        */s/Shaun Daugherty*
                                                        Shaun Daugherty
                                                        shaun@lawelawatl.com
                                                        Georgia Bar Number: 205877
                                                        Attorney for Plaintiff

3644 Chamblee Tucker Road
Suite F
Atlanta, GA 30341
(678) 258-9131 (Phone and Fax)

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **DENNIS PURVIS,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CASE NO.:**  2022SCV0236 |
| **vs.** | * | |
| | * | **JURY TRIAL** |
| **RONNIE D. MILLER, PIONEER** | * | |
| **TRAILS, INC., and ABC** | * | |
| **CORPORATIONS 1-5,** | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT CORPORATIONS

COMES NOW, Dennis Purvis, Plaintiff in the above-styled action, and propounds the attached First Continuing Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Pioneer Trails, Inc. to be answered separately and individually, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36 to be answered separately and individually under oath.

### Part I - Introduction and Definitions

(a)     Each request seeks information available to the Defendant, individually and separately, its attorneys and agents, and all persons acting in their behalf.  Accordingly, as used herein, the term "Defendant," "you," "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents, and all other persons acting in the Defendant's behalf.  Each of the requests shall be deemed to be continuing in the manner provided by law.

(b)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.  When the

term "identify" is used in conjunction with the term "person" or if the Answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, (3) occupation, job title, business affiliation and/or nature of business.

(c)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the Answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item:  (1) the date of the item, (2) the identity of the person who has custody or control of the item, (3) the nature and substance of the item, all with sufficient particularity to enable it to be identified in a Request to Produce.  Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(d)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to identify the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(e)     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(f)     If you object to part of the request and refuse to answer that part, state your objection, and answer the remaining portion of that request.  If you object to the scope or time period of a request and refuse to answer that part, state your objection, and answer the remaining portion of that request.  If you object to the scope or time period of any request and refuse to answer for that scope of time, state your objection in an answer for that request for the scope and time period that you believe is appropriate.

(g)    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and Answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the request.

(h)    **"Incident" or "Accident" shall mean the motor vehicle collision referred to in the Complaint, which occurred on or about January 27, 2020.**

<u>**Part II - Interrogatories**</u>

A.

The following request for Interrogatories is made pursuant to O.C.G.A. § 9-11-33.

B.

Answers to these Interrogatories shall be served no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

1.

State the name, current address and telephone number of each person who aided or was consulted during the process of answering these Interrogatories.

2.

State your ownership or lease interest in the vehicle driven by Defendant Roberts on the day of the Incident.  Please also include in your response the names and addresses of any other person(s) you know that had an ownership or lease interest in said vehicle on the day of the Incident.

3.

State the reason as well as the points of origin and destination for the trip made by

Defendant Roberts on the day of the Incident.

4.

With regard to the passengers being transported at the time of the Incident, please identify the following:

a) Name;

b) Address;

c) Phone number;

d) Any compensation provided to the named passenger due to this Incident; or

e) Any communication received by the passenger related to this Incident.

5.

Identify all liability insurance agreements covering the vehicle driven by Defendant Roberts on the day of the Incident.

6.

Identify all liability insurance agreements covering the load/chassis/trailer attached to the vehicle driven by Defendant Roberts on the day of the Incident.

7.

Has any insurer denied coverage or issued a reservation of rights to later deny coverage under any of the liability insurance agreements identified in Interrogatories 6 and/or 7?

8.

Was post-alcohol and post-drug testing conducted on Defendant Roberts after the Incident? If so, please state the following:

a) Date and time of testing;

b) Who performed the tests;

   c)   Where the tests were performed; and

   d)   Results of the tests.

9.

If no test was performed as identified in Interrogatory 8 above, please state the reasons why they were not performed? Please also indicate the person who made the decision not to perform the tests.

10.

Was a post-accident report completed and forwarded to any government entity or agency? If so, please state to whom such report was sent and when.

11.

State in detail each and every fact supporting each and every defense raised in your Answer.

12.

State the name of your President, Safety Director, Federal Safety Regulation Officer, and the Dispatcher at the time of the Incident.

13.

State the name, addresses, and last known phone numbers for all persons who interviewed and hired Defendant Roberts.

14.

Did the vehicle driven by Defendant Roberts utilize an on-board recording device, on-board computer, tachograph, trip monitor, trip recorder, or any other device which records information concerning the operation of the vehicle? If so, identify each such device.

15.

Has Defendant Roberts been cited for any violation by any government entity or agency while in your employment?  If so, please state for each instance:

a)  Date of violation;

b)  Description of violation;

c)  Location of violation;

d)  Agency issuing violation; and

e)  Ultimate disposition of violation.

16.

Has Defendant Roberts ever been disqualified or placed out of driving service?  If so, please state for each instance:

a)  Dates of disqualification; and

b)  Reason for disqualification.

17.

Identify each and every repair done on the vehicle driven by Defendant Roberts:

a)  from one year prior to the Incident; and

b)  six months after the Incident.

18.

State the training given to Defendant Roberts by you or any other person up until the date of the Incident.  Please identify the dates of training and the training given.

19.

Please state the relationship between all the Defendants in this matter.  For each relationship, please identify any and all written agreements between the Defendants.

20.

Did you, or your insurer or any other person or business entity, obtain information concerning the driving history, driver infractions, and motor vehicles of Defendant Roberts. If so, please state the name and business entity through which such information was obtained regarding Defendant Roberts, also specifying the date it was obtained.

21.

State the name, current address, and telephone number of each person who:

a) Was an eyewitness to the Incident;

b) Has some knowledge of any fact or circumstance upon which your defense is based on; and

c) Has conducted an investigation into the Incident.

22.

State the name, current address and telephone number of each and every expert whom you expect to call as a witness at the trial of this case and, with regard to such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion. If a curriculum vita is not available, please describe the education, training, and experience of each such expert.

23.

If you contend that Defendant Roberts was not acting within the scope of her agency or employment with you, please state the factual basis for your contention and describe any documents in your possession that you contend support this contention.

24.

Please identify any other past or present lawsuits against you or Defendant Roberts while in your employment, involving personal injuries for a motor vehicle accident, including style of case, civil action number, court and jurisdiction, and date of filing.

25.

For each affirmative defense listed in your answer to the complaint, identify the factual basis upon which you make the defense.

26.

For each response to a request for admission that is anything other than an unqualified admission, provide the factual basis upon which the qualification or denial are made.

### Part III - First Request for Production of Documents and Notice to Produce

A.

The following request for Production of Documents and Notice to Produce is made pursuant to O.C.G.A. § 9-11-34.

B.

You are requested to produce the following items no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, by filing your response to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

1.

All ownership and lease agreements, as well as all leases, subleases or other agreements identified in the above Interrogatories.

2.

Provide a copy of the bill of sale, title to the vehicle, and any other documents relating to

the ownership of the vehicle driven by Defendant Roberts.

3.

All liability insurance agreements identified in the above Interrogatories.

4.

A copy of any and all documents received by you in response to any nonparty request for documents or open records request.

5.

A copy of the post-alcohol, post-drug and post-accident report(s) identified in the above Interrogatories.

6.

A copy of all agreements entered into with Defendant Roberts.

7.

All trip reports or dispatch records with regard to Defendant Roberts for two (2) weeks prior to, and two (2) weeks after the Incident.

8.

A copy of the timecards for Defendant Roberts for three (3) months prior to the Incident and for three (3) months following the Incident.

9.

All daily, monthly, quarterly, bi-annually, and annual inspection reports regarding the vehicle driven by Defendant Roberts involved in the Incident for a period of one (1) year preceding, and one (1) year after the Incident.

10.

All repair statements, invoices, work orders, maintenance reports regarding the vehicle driven by Defendant Roberts involved in the Incident for a period of one (1) year preceding, and one (1) year after the Incident.

11.

A copy of Defendant Roberts's employment file, including but not limited to:

a)  Application for employment;

b)  Initial motor vehicle record upon hire;

c)  Copy of any and all licenses, including his CDL license;

d)  Driver certification of prior motor wrecks;

e)  Driver certification of prior motor violations;

f)  Drivers prior employment history for the past ten (10) years;

g)  Your inquiry into his driving records;

h)  Your inquiry into his employment records;

i)  Documents regarding your annual review of Defendant Roberts's record;

j)  Certification of driver's road test for Defendant Roberts;

k)  Medical examiners certificate for Defendant Roberts;

l)  Skills performance evaluation;

m) Training and certifications of Defendant Roberts;

n)  Drug testing records for Defendant Roberts; and

o)  Any and all other records pertaining to Defendant Roberts.

12.

Your accident registers for one (1) year preceding the Incident.

13.

Any and all driver's manuals, guidelines, rules, or regulations issued by you that were in existence at the time of the Incident.

14.

All notes, memorandums, logs, and other writings evidencing any complaints about Defendant Roberts.

15.

Any and all safety manuals, guidelines, brochures, and literature issued by you that were in existence at the time of the Incident.

16.

Any printouts, records, videos or documents produced by any on-board recording device, on-board computer, tachograph, trip monitor, trip recorder or any other device that was equipped on the vehicle driven by Defendant Roberts on the day of the Incident.

17.

All citations and disqualification notices regarding Defendant Roberts.

18.

Copies of any and all documents mentioned or referred to in the responses to Defendant's responses to the Interrogatories.

19.

All documents sent or received from any governmental agency, including Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority regarding or related to the Incident.

20.

All certificates of authority, filing, permits, licenses, and any other related documents, sent to any governmental agency regarding the operation of your business.

21.

All witness or reports obtained regarding the investigation of the Incident.

22.

A copy of your company's-controlled substance and alcohol written policy.

23.

Defendant Roberts's signed certificate of receipt for company's policy and educational materials.

24.

Records of alcohol and controlled substance background investigation of Defendant Roberts.

25.

All payroll records or payments made to Defendant Roberts for the two (2) weeks prior to, and two (2) weeks after the Incident.

26.

All dispatch records of Defendant Roberts two (2) weeks prior to, and two (2) weeks after the Incident.

28.

All "telephone call in records/logs" and cell phone bills and records relating to Defendant Roberts two (2) weeks prior to, and two (2) weeks after the Incident.

## Part IV – Request for Admissions

### A.

The following request for admissions is made pursuant to O.C.G.A. § 9-11- 36.

### B.

You are requested to produce the following items no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, by filing your response to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

1.

Admit that you owned the passenger bus driven by Defendant Roberts on January 27, 2020.

2.

Admit that Defendant Roberts was under dispatch for you at the time of the Incident on January 27, 2020.

3.

Admit that Defendant Roberts was your employee at the time of the Incident on January 27, 2020.

4.

Admit that Defendant Roberts was working within the course and scope of her employment at the time of the Incident on January 27, 2020.

5.

Admit that you are responsible for the actions of Defendant Roberts with regard to the Incident which occurred on January 27, 2020.

6.

Admit that Defendant Roberts was responsible for hitting a stationary obstacle behind the bus as she was attempting to back up on January 27, 2020.

7.

Admit that Defendant Roberts was at fault for the collision between the bus and the stationary obstacle on January 27, 2020.

8.

Admit that venue is proper for this case.

9.

Admit that jurisdiction is proper in this case.

10.

Admit that service of process is proper, timely, and sufficient as to you.

11.

Admit that Plaintiffs suffered injuries as a result of your negligence.

12.

Admit that Plaintiffs suffered physical injuries and pain as a result of the subject Incident.

13.

Admit that no other person or entity caused or partially caused the collision between the passenger bus and the stationary obstacle on January 27, 2020, as described in the compliant.

14.

Admit that the medical bills Plaintiffs incurred because of the subject Incident were reasonable and necessary.

15.

Admit that Plaintiffs were not exaggerating the nature and extent of their injuries.

16.

Admit that repairs were made to the passenger bus driven by Defendant Roberts due to the Incident that occurred on January 27, 2020.

17.

Admit that at the time of the subject collision, Plaintiffs were behaving in a safe, reasonable, and prudent manner.

18.

Admit that no other person or entity contributed to the alleged injuries or damages as defined in O.C.G.A. § 51-12-33.

19.

Admit you were responsible for the hiring of Defendant Roberts.

20.

Admit you were responsible for training Defendant Roberts in the use of the vehicles that were placed in her custody.

21.

Admit you were responsible for the supervision of Defendant Roberts during the times that she was dispatched on their behalf and working within the course and scope of her employment.

22.

Admit you were negligent in your hiring of Defendant Roberts.

23.

Admit you were negligent in your supervision of Defendant Roberts.

24.

Admit you were negligent in your training of Defendant Roberts.

This 11th day of May 2022.

**LOWE LAW FIRM, P.C.**

*/s/  Shaun Daugherty*
Shaun Daugherty
Shaun@lowelawatl.com
Georgia Bar Number: 205877
Attorney for Plaintiff

3644 Chamblee Tucker Road
Suite F
Atlanta, GA 30341
(678) 258-9131 (Phone and Fax)

**IN THE STATE COURT OF LOWNDES COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| **DENNIS PURVIS,** | * |
| | * |
| | * |
| **Plaintiffs,** | * |
| | * **CASE NO.:** |
| **vs.** | * |
| | * **JURY TRIAL** |
| **RONNIE D. MILLER, PIONEER** | * |
| **TRAILS, INC., and ABC** | * |
| **CORPORATIONS 1-5,** | * |
| | * |
| **Defendants.** | * |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Plaintiff Dennis Purvis, by and through undersigned counsel, does hereby certify that he

has, this day, served **Plaintiff's First Continuing Interrogatories, First Request for Production**

**of Documents and First Requests for Admission to Defendant Pioneer Trails, Inc.** by way of

service with the complaint to the following:

Ronnie D. Miller
309 B. Ave.
Kalona, Iowa 52247

Pioneer Trails, Inc.
c/o registered agent
7572 State Route 241
Millersburg, Ohio 44654

This 11th day of May 2022.

/s/ *Shaun Daugherty*
Shaun Daugherty
Georgia Bar No. 205877

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0236
5/11/2022 6:20 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| DENNIS PURVIS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO.:  2022SCV0236 |
| | * | |
| | * | JURY TRIAL |
| RONNIE D. MILLER, PIONEER | * | |
| TRAILS, INC., and ABC | * | |
| CORPORATIONS 1-5, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RONNIE D. MILLER

COMES NOW, Dennis Purvis, Plaintiff in the above styled action, and propounds the attached First Continuing Interrogatories, First Request for Production of Documents and First Request for Admissions to Defendant Ronnie D. Miller, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36 to be answered separately and individually under oath.

### Part I - Introduction and Definitions

(a)     Each request seeks information available to the Defendant, her attorneys and agents, and all persons acting in their behalf.  Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents and all other persons acting in the Defendant's behalf.  Each of the requests shall be deemed to be continuing in the manner provided by law.

(b)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.  When the term "identify" is used in conjunction with the term "person" or if the answer of any

Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, (3) occupation, job title, business affiliation and/or nature of business.

(c)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item:  (1) the date of the item, (2) the identity of the person who has custody or control of the item, (3) the nature and substance of the item, all with sufficient particularity to enable it to be identified in a Request to Produce.  Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(d)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to identify the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(e)     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(f)     If you object to part of the request and refuse to answer that part, state your objection, and answer the remaining portion of that request.  If you object to the scope or time period of a request and refuse to answer that part, state your objection, and answer the remaining portion of that request.  If you object to the scope or time period of any request and refuse to answer for that scope of time, state your objection in an answer for that request for the scope and time period that you believe is appropriate.

(g)     If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying

your inability to answer the remainder and stating whatever information you have concerning the request.

(h)     **"Incident" and "Accident" shall mean the motor vehicle collision referred to in the complaint, which occurred on or about January 27, 2020 injuring Plaintiff.**

## Part II - Interrogatories

### A.

The following request for Interrogatories is made pursuant to O.C.G.A. § 9-11-33.

### B.

Answers to these Interrogatories shall be served no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

### 1.

State your full name, current address, current telephone number, and present place of employment.

### 2.

State your date of birth, driver's license numbers (including CDL), social security number, and any other names you have gone by during your lifetime.

### 3.

Describe in detail your version of how the Incident occurred.

### 4.

State the number of hours of on-duty driving performed by you for each of the ten (10) days prior to the Incident (state each days' total hours), including the number of hours driven on the day of the Incident.

5.

State your final destination point at the time of the Incident, including your point of origin.

6.

Did you consume alcohol or any medication within the 48-hour period leading up to the Incident?  If so, please state the total amount of alcohol you consumed, or the amount and type of medication you consumed.

7.

Have you been diagnosed with any medical or mental heath condition for which you are required to take medication?

8.

Do you know of any photographs, drawings, or videotapes of the scene of the Incident, or of any object once located at the scene, or of any object or matter which you claim to be relevant to the occurrences complained of, either posed or unposed?  If so, describe the subject matter depicted, state the date the picture was taken or the drawing was made, and state the name, current address and telephone number of both the person who took the photograph or made the drawing and the person now having custody and control thereof (specifying which).

9.

State whether any test, experiment, inspection, chart, or measurement has been made with respect to the scene of the Incident, or any object involved.  If so, state the name, current address and telephone number of each person who participated, and the date and nature of their participation.

10.

State the content and substance of each written record containing information from the test(s), experiment(s), inspection(s) or measurement(s) referred to in the answer to Interrogatory Number 9 above, the date each record was prepared, and the name, current address and the telephone number of the person(s) who prepared the record and the person who now has custody and control thereof (specifying which).

11.

State whether there were mechanical defects of any nature in or relating to the vehicle you were driving at the time of the Incident.

12.

Identify your employer at the time of the Incident and indicate how long you had been an employee and the duties and responsibilities that you had in the position.

13.

Describe any traffic citation you received as a result of the Incident, stating the name, current address, and telephone number of the adjudicating Court, the violation(s) of law charged in that citation and, the date, place, and manner of disposition (i.e. type of plea, trial, fine, etc.) of said citation(s).

14.

State the date and the nature of the charge(s) made in each traffic citation (other than parking tickets) issued to you within the last ten (10) years.  For each such citation, state whether or not a guilty plea was entered.

15.

Do you contend that the Plaintiff was guilty of any act(s) or failure(s) to act that played

any part in causing the injury or damage complained of?  If so, state each specific act (or failure to act) of Plaintiff that you claim supports your contention.

16.

Do you contend that any other person(s) not a party to this lawsuit was guilty of any act(s) or failures to act that played any part in causing Plaintiff's injuries or damages complained of?  If so, state each specific act (or failure to act) by each such person (giving the name, current address, and telephone number of the person) that you claim supports your contentions.

17.

Identify any policies and procedures that you were given by the company that employed you at the time of the accident.  This includes policies and procedures both before and after the Incident.

18.

State the name, current address and telephone number of all other persons (excluding your attorney(s) and any expert) who to your knowledge, information or belief possess any knowledge concerning either the Incident or the cause(s) of the Incident involved herein, one or more of Plaintiff's claims, or one or more of your defenses to Plaintiff's Complaint.  For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.

19.

To your knowledge, information, or belief, has any statement or report been made or given by any person named in answer to Interrogatory Nos. 17 or 18?  If so, describe each such statement or report, giving the date, the subject matter, the form (whether written, recorded or in stenographic form), the name and current address of each person present when given or made,

and the name and current address of the person having custody and control thereof.

20.

State the name, current address, telephone number, and occupation of each person who to your knowledge, information or belief has investigated either the Incident or the cause(s) of the same (excluding your attorney(s)).

21.

State the name, current address, and telephone number of each person who to your knowledge, information or belief has been contacted by any individual named in the answer to Interrogatory No. 20.

22.

State the content and substance of each written record containing information from the investigation undertaken by any individual named in the answer to Interrogatory No. 21, the date each record was prepared, and the name, current address and telephone number of the person(s) who prepared the record and the person who now has custody and control thereof (specifying which).

23.

Describe in detail any conversations you had with the police officers and any other witnesses immediately following the Incident.

24.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with

this action.  If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, and the name and current address of the person(s) having possession thereof.

25.

With regard to each policy of insurance identified in answer to Interrogatory No. 24, state whether the insurer has undertaken to defend you in this action, whether the insurer has acknowledged or extended coverage with respect to the Incident, and whether the insurer has undertaken to defend you in this action under any reservation of rights or non-waiver agreement.

26.

State the name, current address and telephone number of each and every expert whom you expect to call as a witness at the trial of this case and, with regard to such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.  If a curriculum vita is not available, please describe the education, training, and experience of each such expert.

27.

State the name, current address and telephone number of each person who aided or was consulted during the process of answering these Interrogatories.

28.

For each affirmative defense listed in your answer to the complaint, identify the factual basis upon which you make the defense.

30.

For each response to a request for admission that is anything other than an unqualified admission, provide the factual basis upon which the qualification or denial are made.

## Part III - First Request for Production of Documents and Notice to Produce

A.

The following request for Production of Documents and Notice to Produce is made pursuant to O.C.G.A. § 9-11-34.

B.

You are requested to produce the following items no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, by filing your response to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

1.

Provide a copy of your driver's license.

2.

Provide a copy of any policy or procedure referred to in your response to the above Interrogatories.

3.

Each photograph, drawing, or videotape referred to in your response to the above Interrogatories.

4.

A copy of any documents evidencing any disciplinary actions taken by your employer following this Incident.

5.

A copy of the any document reflectin the property damage made of the vehicle you were driving following the Incident and any property damage repair invoices identified in your response to the above Interrogatories.

6.

A copy of the traffic citation(s) and any final disposition of the same, identified in your response to the above Interrogatories.

7.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the vehicle being driven by you at the time of the Incident (include the entire policy including conditions, exclusions, definitions, provisions, etc.).

8.

Each statement or report prepared by any individual identified in your response to the above Interrogatories.

9.

A curriculum vitae or resume for each individual whom you expect to call as an expert witness during the trial of this case on the merits.

10.

Copies of any and all driver applications made by you in the past ten (10) years.

11.

Copies of any and all documents received in response to any nonparty request for documents or open records request.

12.

Copies of any and all documents supporting any fact identified that supports any of any affirmative defense.

13.

Copies of any and all documents supporting any fact identified that supports any of the quaflifications or denials in your responses to the Reqeusts for Admission.

## **Part IV – Request for Admissions**

A.

The following request for admissions is made pursuant to O.C.G.A. § 9-11- 36.

B.

You are requested to produce responses to the following no later than thirty (30) days after receipt of this request, or forty-five days (45) if served with the complaint, by filing your responses to Shaun Daugherty, Lowe Law Firm, P.C., 3644 Chamblee Tucker Road, Suite F, Atlanta, GA 30341.

1.

Admit that you were driving a bus on January 27, 2020 traveling northbound on Georgia 401.

2.

Admit that you, while driving the bus on January 27, 2020, caused a collision with Plaintiff's vehicle.

3.

Admit that you were at-fault for the collision between your vehicle and Plaintif's vehicle
on January 27, 2020.

4.

Admit that you knew that Plaintiff was injured at the scene of the Incident.

5.

Admit that venue is proper for this case.

6.

Admit that jurisdiction is proper in this case.

7.

Admit that service of process is proper, timely, and sufficient as to you.

8.

Admit that Plaintiff suffered injuries as a result of your negligence.

9.

Admit that Plaintiff suffered physical injuries and pain as a result of the subject Incident.

10.

Admit that Defendant **Pioneer Trails, Inc.** owned the vehicle that you were driving on
the date of the subject Incident.

11.

Admit that Defendant **Pioneer Trails, Inc.** employed Defendant Miller on the date of the
subject Incident.

12.

Admit that no other person or entity caused or partially caused the collision between your

vehicle and the stationary obstacle behind the bus on January 27, 2020.

13.

Admit that you were either distracted or not paying attention at the time of the subject Incident.

14.

Admit that the medical bills Plaintiffs incurred because of the subject Incident were reasonable and necessary.

15.

Admit that Plaintiffs are not exaggerating the nature and extent of their injuries.

16.

Admit that at the time of the subject Incident, Plaintiffs were behaving in a safe, reasonable, and prudent manner.

17.

Admit that no other person or entity contributed to the alleged injuries or damages as defined in O.C.G.A. § 51-12-33.

This 11th day of May 2022.

**LOWE LAW FIRM, P.C.**

*/s/Shaun Daugherty*
Shaun Daugherty
shaun@lawelawatl.com
Georgia Bar Number: 205877
Attorney for Plaintiff

3644 Chamblee Tucker Road
Suite F
Atlanta, GA 30341
(678) 258-9131 (Phone and Fax)

**IN THE STATE COURT OF LOWNDES COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| | * | |
| **DENNIS PURVIS,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| | * | **CASE NO.:** |
| **vs.** | * | |
| | * | **JURY TRIAL** |
| **RONNIE D. MILLER, PIONEER** | * | |
| **TRAILS, INC., and ABC** | * | |
| **CORPORATIONS 1-5,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

Plaintiff Dennis Purvis, by and through undersigned counsel, does hereby certify that he has, this day, served **Plaintiff's First Continuing Interrogatories, First Request for Production of Documents and First Requests for Admission to Defendant Ronnie D. Miller** by way of service with the complaint to the following:

Ronnie D. Miller
309 B. Ave.
Kalona, Iowa 52247

Pioneer Trails, Inc.
c/o registered agent
7572 State Route 241
Millersburg, Ohio 44654

This 11th day of May 2022.

/s/ Shaun Daugherty
Shaun Daugherty
Georgia Bar No. 205877

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

**DENNIS PURVIS,**

        **Plaintiffs,**

**v.**

**RONNIE D. MILLER, PIONEER TRAILS, INC., and ABS CORPORATIONS 1-5,**

        **Defendants.**

**CIVIL ACTION NO.**

**2022SCV0236**

## ANSWER AND DEFENSIVE PLEADINGS OF DEFENDANTS

COME NOW the Defendants, Ronnie D. Miller and Pioneer Trails, Inc. (hereinafter "Defendants"), in the above-referenced matter, by and through counsel, and files this their Answer and Defensive Pleadings to Plaintiff's Complaint for Damages showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint for Damages fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants show that at all times relevant hereto they exercised that degree of care and skill required by Georgia law, and, as such, Defendants are not liable to Plaintiff in any amount whatsoever and Plaintiff is not entitled to recover any sum of money from these Defendants as a matter of law.

### THIRD DEFENSE

If Defendants were negligent or committed a tort in regard to any subject in the lawsuit, an allegation which Defendants deny, then Defendants show that to the extent that Plaintiff's own

negligence was less than 50% of any alleged negligence of Defendants, Plaintiff's right to recover should be reduced according to the percentage of negligence determined on the part of the Plaintiff.

## FOURTH DEFENSE

Jurisdiction and venue are proper in the Valdosta Division of the United States District Court for the Middle District of Georgia on the basis of diversity jurisdiction pursuant to Defendants' Notice of Removal filed contemporaneously herewith.

## FIFTH DEFENSE

Defendants reserve the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTH DEFENSE

To the extent shown by evidence obtained through discovery, Defendants raise all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of these defenses are waived.

## SEVENTH DEFENSE

Defendants respond to the specific allegations in Plaintiff's Complaint for Damages showing this Court as follows:

## ANSWER

1.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of Plaintiff's Complaint for Damages.

2.

Defendants deny the allegations contained in Paragraph No. 2 of Plaintiff's Complaint for Damages as stated. Defendants admit that Mr. Miller is the individual who was driving the subject

Pioneer Trails, Inc. tour bus. Mr. Miller's current address is P.O. Box 804, Kalona, Washington

County, Iowa 52247. Defendants further state that jurisdiction and venue are proper in the Valdosta

Division of the United States District Court for the Middle District of Georgia pursuant to their

Notice of Removal filed contemporaneously herewith.

3.

Defendants deny the allegations contained in Paragraph No. 3 of Plaintiff's Complaint for

Damages as stated. Defendants admit that Pioneer Trails, Inc. is a common carrier engaged in the

business of transporting passengers for compensation. Defendants admit that Pioneer Trails, Inc.

is a foreign corporation doing business in this state. Defendants admit that Pioneer Trails, Inc. is

organized under the laws of Ohio, maintains a principal office at 7572 State Route 241,

Millersburg, Ohio 44654, and its registered agent is David Swartzentruber. Defendants further

state that jurisdiction and venue are proper in the Valdosta Division of the United States District

Court for the Middle District of Georgia pursuant to their Notice of Removal filed

contemporaneously herewith.

4.

Defendants deny the allegations contained in Paragraph No. 4 of Plaintiff's Complaint for

Damages.

5.

Defendants admit the allegations contained in Paragraph No. 5 of Plaintiff's Complaint for

Damages.

6.

Defendants deny the allegations contained in Paragraph No. 6 of Plaintiff's Complaint for Damages as stated. Defendants admit that Plaintiff was traveling northbound on Georgia 401 approaching a construction zone.

7.

Defendants admit the allegations contained in Paragraph No. 7 of Plaintiff's Complaint for Damages.

8.

Defendants admit the allegations contained in Paragraph No. 8 of Plaintiff's Complaint for Damages.

9.

Responding to the allegations contained in Paragraph No. 9 of Plaintiff's Complaint for Damages, Defendants admit that, on or about January 27, 2020, the bus being driven by Mr. Miller made contact with the driver's side of the vehicle driven by Plaintiff.

10.

Defendants restate and reallege their responses to Paragraphs No. 1 through No. 9 of Plaintiff's Complaint for Damages as if fully stated herein.

11.

Defendants deny the allegations contained in Paragraph No. 11 of Plaintiff's Complaint for Damages. Defendants admit that Mr. Miller may have caused or contributed to the subject incident.

12.

Defendants deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint for Damages.

13.

Defendants deny the allegations contained in Paragraph No. 13 of Plaintiff's Complaint for Damages.

14.

Defendants deny the allegations contained in Paragraph No. 14 of Plaintiff's Complaint for Damages.

15.

Defendants deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint for Damages.

16.

Defendants restate and reallege their responses to Paragraphs No. 1 through No. 15 of Plaintiff's Complaint for Damages as if fully stated herein.

17.

Defendants admit the allegations contained in Paragraph No. 17 of Plaintiff's Complaint for Damages as to Pioneer Trails, Inc.

18.

Defendants admit the allegations contained in Paragraph No. 18 of Plaintiff's Complaint for Damages as to Pioneer Trails, Inc.

19.

Paragraph No. 19 of Plaintiff's Complaint for Damages contains mere legal conclusions and requires no response. Nevertheless, in an abundance of caution and without waiver, Defendants admit the allegations contained in Paragraph No. 19 of Plaintiff's Complaint for Damages as to Pioneer Trails, Inc.

20.

Defendants restate and reallege their responses to Paragraphs No. 1 through No. 19 of Plaintiff's Complaint for Damages as if fully stated herein.

21.

Defendants admit the allegations contained in Paragraph No. 21 of Plaintiff's Complaint for Damages as to Pioneer Trails, Inc.

22.

Defendants admit the allegations contained in Paragraph No. 22 of Plaintiff's Complaint for Damages as to Pioneer Trails, Inc.

23.

Defendants restate and reallege their responses to Paragraphs No. 1 through No. 22 of Plaintiff's Complaint for Damages as if fully stated herein.

24.

Defendants deny the allegations contained in Paragraph No. 24 of Plaintiff's Complaint for Damages.

25.

Defendants deny the allegations contained in Paragraph No. 25 of Plaintiff's Complaint for Damages.

26.

Defendants deny the allegations contained in Paragraph No. 26 of Plaintiff's Complaint for Damages.

27.

Defendants deny the allegations contained in Paragraph No. 27 of Plaintiff's Complaint for Damages.

28.

Defendants restate and reallege their responses to Paragraphs No. 1 through No. 27 of Plaintiff's Complaint for Damages as if fully stated herein.

29.

Defendants deny the allegations contained in Paragraph No. 29 of Plaintiff's Complaint for Damages.

30.

Defendants deny the allegations contained in Paragraph No. 30 of Plaintiff's Complaint for Damages.

31.

Defendants deny the allegations contained in Paragraph No. 31 of Plaintiff's Complaint for Damages.

32.

Defendants deny the allegations contained in Paragraph No. 32 of Plaintiff's Complaint for Damages.

33.

Defendants deny the allegations contained in Paragraph No. 33 of Plaintiff's Complaint for Damages.

34.

Defendants deny the allegations contained in Paragraph No. 34 of Plaintiff's Complaint for Damages.

35.

Defendants deny the allegations contained in Paragraph No. 35 of Plaintiff's Complaint for Damages.

36.

Defendants deny the allegations contained in Paragraph No. 36 of Plaintiff's Complaint for Damages, including all subparts.

37.

To the extent the "WHEREFORE" paragraph on Page 8 of Plaintiff's Complaint for Damages requires a response, Defendants likewise demand a jury trial of twelve and deny the remaining allegations contained therein, including all subparts.

38.

Any paragraph or any part of any paragraph of Plaintiff's Complaint for Damages not addressed specifically above is denied.

WHEREFORE, Defendants pray to be dismissed from this action with all cost cast upon the Plaintiff and that they be granted a trial by jury of twelve and for any other relief as this Court may deem just and proper.

This 20th day of June, 2022.

*(signatures on following page)*

Page **8** of **10**

**HALL BOOTH SMITH, P.C.**

*[signature: Katie Harden]*

**BARBARA MULHOLLAND**
Georgia Bar No. 052115

P.O. Box 72066                    **KATHRYN DUNNAM HARDEN**
Albany, GA 31708                  Georgia Bar No. 852969
(229) 436-4665                    *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSIVE PLEADINGS OF DEFENDANTS** upon all parties to this matter via STATUTORY ELECTRONIC SERVICE addressed to counsel of record as follows:

Shaun Daugherty, Esq.
LOWE LAW FIRM, P.C.
3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
shaun@lawelawatl.com
*Counsel for Plaintiff*

This <u>20th</u> day of June, 2022.

          **HALL BOOTH SMITH, P.C.**

          *Katie Harden*

          **BARBARA MULHOLLAND**
          Georgia Bar No. 052115

P.O. Box 72066          **KATHRYN DUNNAM HARDEN**
Albany, GA 31708        Georgia Bar No. 852969
(229) 436-4665         *Counsel for Defendants*